COOLEY LLP
ANNE H. PECK (124790)
(peckah@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

JOHN PAUL OLEKSIUK (283396)
(jpo@cooley.com)
TIMOTHY D. HANCE (288378)
(thance@cooley.com)
1333 2nd Street, Ste 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

Attorneys for Plaintiff
TRANSCEND INSIGHTS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSCEND INSIGHTS, INC. | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| HEALOGICS, INC. | |
| Defendant. | |

Plaintiff Transcend Insights, Inc. ("Transcend Insights" or "Plaintiff") files this complaint for declaratory judgment against Healogics, Inc. ("Healogics" or "Defendant"), and alleges in support, as follows.

## NATURE OF THE CASE

1. Transcend Insights is the owner of the HEALTHLOGIX® trademark, which is the subject of a U.S. federal trademark registration and a component of several pending U.S. federal trademark applications. The HEALTHLOGIX platform uses advanced data and analytics to make it easier and more efficient for health system executives, care teams, and patients to track patient health information as part of a population health strategy. Transcend Insights' HEALTHLOGIX trademark has been in use since 2012.

2. Transcend Insights' HEALTHLOGIX mark and Defendant's HEALOGICS mark have coexisted without confusion for years, and the respective marks are not likely to be confused in the future.

3. Nevertheless, for over four years now, Defendant has periodically made legal threats regarding trademark infringement; demanding that Transcend Insights stop using and abandon applications to register the trademark HEALTHLOGIX and various HEALTHLOGIX-formative marks; filing successive trademark opposition proceedings; and most recently alleging in May 2017 that Transcend Insights breached a Confidential Settlement and Coexistence Agreement between Transcend Insights and Defendant requiring that Transcend Insights not use or register a confusingly similar mark to Defendant's marks.

4. Accordingly, Transcend Insights seeks a declaratory judgment that it has not engaged in illegal trademark infringement, counterfeiting and/or false designation of origin in violation of Sections 32, 42, and 43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1124 and 1125(a)). Transcend Insights further seeks a declaratory judgment that Transcend Insights has not violated the terms of the parties' Confidential Settlement and Coexistence Agreement dated September 28, 2015 (the "Agreement") by using and applying to register HEALTHLOGIX-formative trademarks as set forth herein.  Finally, Transcend Insights seeks an award of fees and costs resulting from Healogics' conduct, including making meritless demands that have prompted this lawsuit and make this an

1  exceptional case under 15 U.S.C. § 1117, and for such other relief as the Court may deem just and
2  proper.

### THE PARTIES

5. Plaintiff Transcend Insights, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 910 East Hamilton Avenue, Suite 500, Campbell, California 95008.

6. Defendant Healogics, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 5220 Belfort Road, Suite 130, Jacksonville, Florida 32256.

### INTRADISTRICT ASSIGNMENT

7. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

### JURISDICTION AND VENUE

8. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. §1051, *et seq.*

9. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1119 and 1121 (the Lanham Act), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Further, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, and 1367.

10. Transcend Insights is informed and believes, and based thereon alleges, that this Court has personal jurisdiction over Defendant because (i) Defendant conducts business within the State of California and this judicial district; (ii) Defendant has purposefully directed its activities and consummated transactions within the State of California and this judicial district, including both (x) sending demand letters to Transcend Insights in the State of California and this judicial district, and (y) advertising, promoting, and providing services under the HEALOGICS trademark in the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; and (iv) Defendant has caused tortious injury to Transcend Insights in the State of California and this judicial district.

Transcend Insights is not the only link between Defendant and the forum—Defendant has created contacts with this forum.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Defendant conducts business within the State of California and this judicial district; (ii) Defendant has advertised, promoted, and provided services under the HEALOGICS trademark in the State of California and this judicial district; (iii) Defendant sent demand letters to Transcend Insights in the State of California and this judicial district; (iv) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; and (v) Defendant has caused tortious injury to Transcend Insights in the State of California and this judicial district.

## FACTUAL BACKGROUND

### PLAINTIFFS' BUSINESS AND THE HEALTHLOGIX TRADEMARKS

12. Transcend Insights (formerly known as Certify Data Systems, Inc.) is a wholly-owned subsidiary of Humana, Inc. Transcend Insights is a well-known population health company that provides advanced, interoperable analytics to help health systems transition patients from episodic care to proactive care. "Population health" focuses on the health outcomes of a group of individuals, including the distribution of such outcomes within the group. The HealthLogix suite of solutions focuses on inputting claims and clinical data into its cloud-based HealthLogix Platform so the information can be shared with a healthcare organization through its own tools or the HEALTHLOGIX tools.

13. Transcend Insights' HEALTHLOGIX mark was adopted and used beginning at least as early as June 2012, and Transcend Insights uses the mark in connection with a number of its population health software products and software-as-a-service ("SaaS") services that facilitate the exchange of information between medical patients and their health organizations to get patients the best care possible.

14. Transcend Insights' population health application HEALTHLOGIX POPULATIONS measures the financial and clinical performance of health organizations so they can identify weaknesses and improve the quality of their medical care.

15. Transcend Insights' tablet and web-based population health product called HEALTHLOGIX CARE gives a patient's care team a longitudinal patient record where users can view a patients history across a variety of different medical organizations. This information includes referrals, medications, patient care plans, and other relevant medical history about the patient.

16. Transcend Insights' mobile application called MYHEALTHLOGIX allows care teams to assign patients a care plan and send patients secure messages. Patients are able to use the app to track their progress, access educational information, and manage medications.

17. Transcend Insights' HEALTHLOGIX MARKET is a population health application portal that provides users with a location in which to view the combined community data of the HEALTHLOGIX platform, such as claims data, clinical data, health records, pharmacy and lab information. (Collectively, Transcend Insights' HEALTHLOGIX mark and HEALTHLOGIX-formative marks are referred to herein as the "HEALTHLOGIX Marks".)

18. Transcend Insights has devoted substantial time, effort, and resources to the development and extensive promotion of the HEALTHLOGIX Marks and the products and services offered thereunder. As a result of Transcend Insights' efforts and the quality of the products and services offered under the HEALTHLOGIX Marks, the public has come to recognize and rely upon the HEALTHLOGIX Marks as an indication of high quality products and services in the healthcare industry, and an indication of the source and origin of the goods and services offered and sold under the HEALTHLOGIX Marks. The HEALTHLOGIX Marks enjoy substantial goodwill in the marketplace and are valuable assets of Transcend Insights.

19. Transcend Insights' promotion of products under the HEALTHLOGIX Marks is well documented in the news and industry publications. For example, articles identifying Transcend Insights as the source of products sold and services offered under the HEALTHLOGIX Marks have appeared in various industry publications, including HealthIT Analytics (healthitanalytics.com), HealthCareBusiness Daily News (dotmed.com), Health It Outcomes (healthitoutcomes.com), MobiHealthNews (mobihealthnews.com), Becker's Hospital Review (beckershospitalreview.com), Modern Healthcare (modernhealthcare.com), Law360 (law360.com), and Health Care IT News (healthcareitnews.com).

20. Transcend Insights was recognized for its innovative products and services, including its HEALTHLOGIX platform, as one of the 2017 CIO 100 award recipients. This highly competitive annual award recognizes 100 organizations for using innovative technology to deliver business value.

## BACKGROUND REGARDING DEFENDANT AND TRANSCEND INSIGHTS' RELATIONSHIP WITH DEFENDANT

21. Upon information and belief, Defendant develops wound healing treatment and prevention techniques, and Defendant operates nearly 800 HEALOGICS-branded wound care centers locations, which treat ulcers, burns, and certain types of infections in hospitals across the country. Upon information and belief, Defendant also maintains research databases and disseminates information about wound care and provides consulting and training services in connection with wound care.

22. Defendant is actively advertising, promoting, and providing services under the HEALOGICS trademark in the State of California and in this judicial district.

23. For example, upon accessing Defendant's website from within California and searching for wound care resources within this judicial district, there are 9 results for "Healogics Wound Care Centers" within 100 miles of San Francisco, CA, and the numerous results include the following Healogics Wound Care Center in Walnut Creek, CA:

\*   \*   \*   \*



24. Upon information and belief, Defendant also routinely attends its wound-care industry events in California and in this judicial district. For example, on May 17, 2016, Defendant posted on Facebook the following photo from a "Wipeout Wounds" event attended in San Francisco:



6.                                           **COMPLAINT FOR DECLARATORY JUDGMENT**

25. Upon information and belief, Defendant owns thirteen registrations for the mark HEALOGICS and the mark and tagline HEALOGICS THE POWER TO HEAL, both as word marks and in stylized form: U.S. Reg. Nos. 5054831, 5054830, 5054829, 5054828, 5041287, 5022709, 4993626, 4993625, 4476289, 4538442, 4538441, 4478652, 4475733. The registered mark with the tagline includes the following stylization:

**Healogics**
The power to heal

26. In July 2012, Transcend Insights filed applications for HEALTHLOGIX, Serial No. 85673856 (which has since issued as Reg. No. 5013123), and HEALTHLOGIX CERTIFY HIE PLATFORM, Serial No. 85673860, both of which covered "downloadable computer software for use in transmission and analysis of information regarding medical patients" in Class 9 and "software as a service (SAAS) services featuring software for use in transmission and analysis of information regarding medical patients" in Class 42. The Examining Attorney reviewing these applications did not find any prior registered marks or prior pending applications that would bar registration due to a likelihood of confusion. These applications were published for opposition by the United States Patent and Trademark Office ("USPTO") in December 2012.

27. On March 29, 2013, counsel for Defendant sent counsel for Transcend Insights a demand letter, based upon alleged concern that Transcend Insights' "use and registration of a highly similar mark for highly similar goods and services will lead to consumer confusion, in violation of the Lanham Act, as codified at Title 15, Sections 1114 and 1125 of the United States Code" and requesting that Transcend Insights "[a]bandon its above-identified applications, Ser. Nos. 85673856 and 85673860," that Transcend Insights "[c]ease any actual use of **HEALTHLOGIX** and **HEALTHLOGIX CERTIFY HIE PLATFORM** trademarks"; and that Transcend Insights "[a]gree not to use or register any similar mark for medical goods or services in the future."

28. In the March 29, 2013 letter, Defendant's counsel closed by stating: "*Nothing in this letter shall be construed as an election of our clients' rights or remedies, each of which, under federal and state law, is expressly reserved.*"

29. On June 10, 2013, Defendant initiated an opposition proceeding (Opposition No. 91210995) before the USPTO's Trademark Trial & Appeal Board ("TTAB") against Transcend Insights' HEALTHLOGIX application. On June 24, 2013, Defendant initiated a second opposition proceeding (Opposition No. 91211244) before the TTAB against Transcend Insights' HEALTHLOGIX CERTIFY HIE PLATFORM application. On September 18, 2013, the TTAB ordered the two oppositions consolidated (collectively, the consolidated oppositions are hereafter referred to as the "Prior Oppositions").

30. On September 28, 2015, after two years of settlement discussions with Defendant, Healogics and Transcend Insights entered into the Agreement to resolve their dispute and terminate the Prior Oppositions. The specific details of the Agreement are confidential, but there are certain exceptions to the confidentiality, including for a party in enforcing its trademark rights. The parties agreed on coexistence for their respective marks, and as Defendant's counsel stated in a letter to Transcend Insights' counsel in May 2017, the Agreement provided that "Transcend will not use either mark (**HEALTHLOGIX** and **HEALTHLOGIX CERTIFY HIE PLATFORM**) as part of a design mark or stylized word mark that looks confusing [sic] similar to Healogics' logo . . ." "

31. Following the Agreement, the Prior Oppositions were terminated, and Transcend Insights' opposed application Serial No. 85673856 for HEALTHLOGIX issued as U.S. Reg. No. 5013123.

**DEFENDANT'S RECURRING CLAIMS OF TRADEMARK INFRINGEMENT AND DEMANDS TO CEASE USE OF TRANSCEND INSIGHTS' MARKS**

32. In January of 2016, Transcend Insights filed applications for nine HEALTHLOGIX-formative marks (the "New HEALTHLOGIX Applications") in connection with related goods and services to Transcend Insights' prior registration for HEALTHLOGIX (U.S. Reg. No. 5013123). All of these applications published for opposition in June 2016. The New HEALTHLOGIX Applications include the following:

a. HEALTHLOGIX CARE, Serial No. 86878558, for "downloadable mobile application and web portal for use in transmission and analysis of information regarding medical patients" in Class 9;

b. HEALTHLOGIX MARKET, Serial No. 86886924, for "platform as a service (PAAS) featuring software platforms for use in database management of patient medical information" in Class 42;

c. HEALTHLOGIX POPULATIONS, Serial No. 86876804, for "platform as a services (PAAS) featuring computer software platforms for evaluating the clinical and financial standing of a healthcare organization and facility performance across a care community" in Class 42;

d. MYHEALTHLOGIX, Serial No. 86878220, for "downloadable mobile application for managing and accessing personal health data and connecting with physician and other care team members" in Class 9;

e. *HealthLogix* Serial No. 86878407, for "downloadable computer software for use in transmission and analysis of information regarding medical patients" in Class 9 and for "software as a service (SAAS) services featuring software for use in transmission and analysis of information regarding medical patients" in Class 42;

f. *HealthLogix Care* Serial No. 86878570, for "downloadable mobile application and web portal for use in transmission and analysis of information regarding medical patients" in Class 9;

g. *HealthLogix Market* Serial No. 86886950, for "platform as a service (PAAS) featuring software platforms for use in database management of patient medical information" in Class 42;

9.

**COMPLAINT FOR DECLARATORY JUDGMENT**

1  h. **HealthLogix Populations**
2
3  Serial No. 86876837, for "platform as a services
4  (PAAS) featuring computer software platforms for evaluating the clinical and
5  financial standing of a healthcare organization and facility performance across a care
6  community" in Class 42;

7  i. **my HealthLogix**
8  Serial No. 86878325, for "downloadable mobile
9  application for managing and accessing personal health data and connecting with
10  physician and other care team members" in Class 9.

11  33.  On or about September 29, 2016, Defendant's counsel sent Transcend Insights'
12  counsel a letter demanding that Transcend Insights abandon or amend three of the recently-filed
13  HEALTHLOGIX design applications (Serial Nos. 86878570, 86886950, and 86876837) and also
14  amend the descriptions of the goods and services in seven of the nine New HEALTHLOGIX
15  Applications (all but Serial Nos. 86878558 and 86878570) to conform with the goods and services
16  that were listed in Transcend Insights' applications that were subject to the Prior Oppositions.
17  Defendant asserted that its demands were based on the "subject of the Agreement" entered into
18  between Transcend Insights and Defendant and the "scope of the understanding of the parties" to
19  that Agreement.

20  34.  On December 12, 2016, Defendant opposed seven of Transcend Insights' trademark
21  applications for the HEALTHLOGIX Marks before the TTAB (Opposition No. 91231669,
22  hereinafter referred to as the "Current Opposition"), and the Current Opposition was once again
23  based on Defendant's assertion of likelihood of confusion with its HEALOGICS marks. The Current
24  Opposition is against Serial Nos. 86876837, 86878325, 86878570, 86886924, 86886950, 86878220,
25  86876804.

26  35.  On February 16, 2017, counsel for Transcend Insights and Defendant conducted a
27  telephonic discovery conference in the Current Opposition, to discuss (1) the nature of and basis for
28  their respective claims and defenses, (2) the possibility of settling the case or at least narrowing the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

COMPLAINT FOR
DECLARATORY JUDGMENT

scope of claims or defenses, and (3) arrangements relating to disclosures, discovery and introduction of evidence at trial, should the parties not agree to settle the case.

36. On May 19, 2017, Defendant (through counsel) sent Transcend Insights a letter that made new and additional demands and threats. Defendant alleged in the letter that the applications in the Current Opposition violate the terms of the Agreement by creating a likelihood of confusion. Defendant stated that it found "the suggestion that there is no likelihood of confusion and that your client is not in breach of the Settlement Agreement to be disingenuous."

37. In the May 19, 2017 letter, Healogics demanded that Transcend Insights:

a. "Abandon the [recently-filed HEALTHLOGIX design applications (Serial Nos. 86878570, 86886950, and 86876837)], or amend the applications to change the position of the words 'Market,' 'Care,' and 'Populations' so that they are not in conflict with the terms of the Agreement."

b. "Immediately stop making use of the HEALTHLOGIX-formative marks in violation of the terms of the Agreement, including amending the use of the marks on its website and on any and all promotional and advertising materials, mobile applications, non-downloadable software and anywhere else that the use appears."

c. Amend the description of goods and services in the applications to align with the Goods in Class 9 and Services in Class 42 in the HEALTHLOGIX marks in the Agreement."

38. Again, Defendant's counsel closed the May 19, 2017 letter stating "[y]ou will appreciate that nothing in this letter may be viewed as an election of Healogics' rights or remedies, each of which is expressly reserved."

39. The HEALTHLOGIX and HEALOGICS marks convey different commercial impressions, including due to the differences in the prefixes of the marks. The differences are even greater for the HEALTHLOGIX Marks that contain additional matter (e.g., MYHEALTHLOGIX).

40. The respective stylizations of the logos further differentiate the respective commercial impressions—unlike the HEALOGICS logo, as shown on Defendant's website, Transcend Insights'

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11.

COMPLAINT FOR
DECLARATORY JUDGMENT

HEALTHLOGIX Marks have no red-to-blue color gradient and Transcend Insights uses a sans-serif font for its logo.

41. Transcend Insights' HEALTHLOGIX Marks are not used for the same goods and services as Defendant's HEALOGICS Marks. Transcend Insights is in the population health field; Defendant is in the wound care field. Transcend Insights' technology platform serves the entire population of patients cared for by clinicians, hospitals and health systems, and these populations can vary from one organization to the next depending on healthcare organizations' priorities and needs. Healogics' operational resources and network, on the other hand, focus solely on a specialized category of patients that have been diagnosed with chronic wounds. As a result, the parties' goods and services are not related such that consumers would expect them to emanate from the same source, and the goods and services are advertised and promoted through different marketing and trade channels.

42. Confusion is also unlikely here given that the relevant purchasers of healthcare-related goods and services are not casual or impulse customers.

43. The coexistence of Transcend Insights' HEALTHLOGIX mark and Defendant's HEALOGICS mark for years without any known instances of actual consumer confusion is further evidence that confusion is not likely to arise between the marks.

44. None of Transcend Insights' HEALTHLOGIX-formative marks are likely to be confused with the HEALOGICS mark. Accordingly, Transcend Insights has not infringed Defendant's trademark nor breached the obligation in the Agreement to not use or register confusingly similar marks to Defendant's marks.

45. There presently exists a justiciable controversy regarding whether Transcend Insights' use of the HEALTHLOGIX Marks constitutes an infringement of any trademark, counterfeiting and/or false designation of origin, and whether Transcend Insights has breached the Agreement by using and applying to register its HEALTHLOGIX-formative marks.

Cooley LLP
Attorneys At Law
Palo Alto

12.

COMPLAINT FOR
DECLARATORY JUDGMENT

## FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT OF PLAINTIFF'S NON-INFRINGEMENT OF HEALOGICS TRADEMARKS

46. Transcend Insights realleges and incorporates herein by reference paragraphs 1 through 45 of this Complaint as if fully set forth here.

47. In correspondence, discussions between counsel, and papers filed with the USPTO in the trademark opposition proceedings described above, Defendant has repeatedly alleged that Transcend Insights' HEALTHLOGIX Marks are likely to be confused, or confusingly similar, to Defendant's HEALOGICS mark.

48. Defendant has not only filed oppositions of Transcend Insights' registrations of HEALTHLOGIX Marks in 2013 and again in 2016, but Defendant has also demanded that Transcend Insights cease use of the HEALTHLOGIX Marks as Transcend Insights was using marks in 2013 and again as Transcend Insights is currently using the HEALTHLOGIX Marks in 2017. The demands that Transcend Insights cease use of the HEALTHLOGIX were sent on behalf of Defendant by its outside counsel, who concluded the letters by reserving rights to pursue other legal actions, which would include filing a lawsuit in federal district court.

49. There is a substantial controversy, between Transcend Insights and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment; the controversy is definite and concrete, touching the legal relations of parties having adverse legal interests, such that the dispute is real and substantial and admits of specific relief through a decree of a conclusive character. A declaratory judgment would terminate the controversy giving rise to the proceeding. Accordingly, Transcend Insights seeks a declaration of its rights pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

50. Transcend Insights requests a judgment declaring that its HEALTHLOGIX Marks are not likely to cause confusion with Defendant's HEALOGICS mark, and that Transcend Insights has not engaged in illegal trademark infringement, counterfeiting and/or false designation of origin in violation of Sections 32, 42, and 43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1124 and 1125(a)).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13.

COMPLAINT FOR
DECLARATORY JUDGMENT

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT OF PLAINTIFF'S NON-BREACH OF CONTRACT

51. Transcend Insights realleges and incorporates herein by reference paragraphs 1 through 50 of this Complaint as if fully set forth here.

52. In a letter dated May 19, 2017, Defendant has alleged that Transcend Insights breached the Agreement by using trademarks confusingly similar to Defendant's HEALOGICS THE POWER TO HEAL mark and associated tagline, in violation of Transcend Insights' obligations under the Agreement.

53. Transcend Insights' HEALTHLOGIX Marks are not confusingly similar to Defendant's HEALOGICS THE POWER TO HEAL mark and associated tagline.

54. The letter dated May 19, 2017 demanding that Transcend Insights cease use of the HEALTHLOGIX Marks, as Transcend Insights currently uses the marks, was sent on behalf of Defendant by its outside counsel, who concluded the letter by reserving rights to pursue other legal actions, which would include filing a lawsuit in federal district court.

55. There is a substantial controversy, between Transcend Insights and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment; the controversy is definite and concrete, touching the legal relations of parties having adverse legal interests, such that the dispute is real and substantial and admits of specific relief through a decree of a conclusive character. A declaratory judgment would terminate the controversy giving rise to the proceeding. Accordingly, Transcend Insights seeks a declaration of its rights pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

56. Transcend Insights requests a judgment declaring that its HEALTHLOGIX Marks are not confusingly similar to Defendant's HEALOGICS marks, and that Transcend Insights has not breached the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Transcend Insights requests the following relief:

A. A declaratory judgment that Transcend Insights has not engaged in illegal trademark infringement, counterfeiting and/or false designation of origin in violation of Sections 32, 42, and

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14.

COMPLAINT FOR
DECLARATORY JUDGMENT

43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1124 and 1125(a));

      B.      A declaratory judgment that Transcend Insights has not breached the Agreement by adopting a confusingly similar mark to Defendant's marks;

      C.      An order pursuant to 15 U.S.C. § 1119 directing the Trademark Trial and Appeal Board of the United States Patent and Trademark Office to enter judgment in favor of Transcend Insights in Opposition No. 91231669, dismissing the consolidated oppositions with prejudice;

      D.      For a preliminary and permanent injunction enjoining and restraining Defendant and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

          a. from making any claims to any person or entity that Transcend Insights infringes any HEALOGICS marks;

          b. from interfering with, or threatening to interfere with the use of the HEALTHLOGIX Marks by Transcend Insights, their customers, distributors, predecessors, successors or assigns; and

          c. from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of Transcend Insights to use or register the HEALTHLOGIX Marks;

      E.      That Transcend Insights is awarded costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

      F.      That Transcend Insights is granted prejudgment and post judgment interest;

      G.      That Transcend Insights is granted costs associated with the prosecution of this action; and

      H.      That Transcend Insights is granted such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Transcend Insights hereby demands a trial by jury of all issues triable of right by a jury.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15.

COMPLAINT FOR
DECLARATORY JUDGMENT

| | |
|---|---|
| Dated: July 20, 2017 | COOLEY LLP<br>ANNE H. PECK (124790)<br>JOHN PAUL OLEKSIUK (283396)<br>TIMOTHY D. HANCE (288378)<br><br>/s/ Anne H. Peck<br>Anne H. Peck<br>Attorneys for Plaintiff<br>TRANSCEND INSIGHTS, INC. |

146673623 v7

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16.

**COMPLAINT FOR
DECLARATORY JUDGMENT**